HILARIO SANTOS, SUCS., S. en C., EN LIQUIDACIÓN, demandante y apelada, *v.* QUINTANA HNOS. & CO. y FRANCISCO COLÓN, demandados y apelantes.

No. 4503.—*Sometido:* Junio 26, 1928. *Resuelto:* Marzo 13, 1929.

*González Fagundo* y *González Jr.,* abogados de los apelantes; *Soto Gras* y *M. H. Ramírez,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En una acción sobre cobro de pagaré los demandados apelan de una sentencia a favor de la demandante.

El primer fundamento de la apelación es que la corte inferior concedió demasiado valor probatorio a cierta escritura notarial presentada como prueba por la demandante para probar el traspaso y pertenencia del pagaré presentado por ella durante el juicio. De conformidad con los términos de esta escritura la razón social de Hilario Santos & Compañía quedó disuelta y se constituyó una nueva sociedad bajo el nombre de Hilario Santos, Sucesores, S. en C. El capital de la nueva razón social se componía enteramente del activo perteneciente a la firma anterior, aportando cada uno de los socios su parte correspondiente de tal activo. Se concedieron amplios poderes a la nueva sociedad para liquidar en su propio beneficio los negocios de la antigua firma.

El pagaré estaba otorgado a favor de Hilario Santos & Compañía. En la escritura de disolución cada uno de los socios reconoció el pago y satisfacción totales de sus respectivos haberes o intereses, según aparecían del balance en los libros de la firma.

Los apelantes alegan que al disolverse la antigua sociedad el activo necesariamente pasó a ser propiedad de los socios individuales; que en ausencia de los libros o del balance a que ya se ha hecho referencia, nada había que indicara a cuál de los socios se le adjudicó el pagaré, o por quién fué transferido a la nueva sociedad; y que la cláusula que autorizaba a la nueva entidad a liquidar los negocios de la antigua firma, no tenía valor alguno, ya que nada había que liquidar.

Nada hay que indique que en realidad se tratara de hacer una distribución del activo, ni tampoco era necesario que se

hiciera una adjudicación y entrega de determinada propiedad a cada uno de los socios individuales a fin de llevar a cabo el resultado deseado. Desde luego, teóricamente cierta proporción o interés proindiviso en los bienes de la antigua sociedad pertenecía a cada uno de los socios y esa proporción fué aportada por él como parte del capital con el cual la nueva entidad comenzaría sus negocios. El pagaré formaba parte del activo de Hilario Santos & Compañía. Ora fuera adjudicado a uno de los miembros individuales de la sociedad y aportado por éste a la nueva sociedad, o ya perteneciera una parte indivisa del pagaré a cada uno de los socios, y cada uno de éstos la aportara como parte de su cuota en el capital de la nueva razón social, no es cuestión de mayor importancia. Todo el activo de Hilario Santos & Compañía pasó, por conducto de los socios individuales, a manos de Hilario Santos Sucesores, S. en C. La escritura notarial, suplementada por la presentación e identificación del pagaré durante el juicio, bastaba para demostrar una cesión, y *prima facie* que éste pertenecía a la demandante.

Otra de las contenciones de la apelante ataca el valor probatorio de una escritura notarial posterior, según la cual la firma de Hilario Santos Sucesores, S. en C., fué disuelta y se nombró a uno de los socios como liquidador.

El argumento en apoyo de esta contención es substancialmente el mismo aducido para sostener el primer señalamiento, ya discutido. La única diferencia existente es que ahora se da mayor énfasis a la conclusión de que nada había que liquidar.

En la escritura notarial que ahora tenemos bajo nuestra consideración las partes (al igual que en la ocasión anterior arriba mencionada), aprueban y ratifican un balance que se dice aparece en los libros de la nueva sociedad. Sin embargo, la disolución no queda consumada totalmente, sino que se hace depender de ciertas condiciones futuras. La parte principal del convenio es que "una vez liquidado el capital social y cubiertas las pérdidas con el del socio don

Sergio E. Santos, a quien únicamente conciernen, se dan por pagados y totalmente satisfechos." Sergio E. Santos fué el socio nombrado como liquidador. El fin claro de las partes era, según creemos, no efectuar una disolución inmediata y completa sino una disolución que sería consumada en la forma ordinaria, mediante una liquidación ordenada de los negocios pendientes y el arreglo y pago de las obligaciones de la firma.

Las otras cuestiones sugeridas en el alegato del apelante, en tanto en cuanto no han sido ya resueltas o excluidas por el estado de las alegaciones, no requieren una discusión separada.

La sentencia apelada *debe ser confirmada*.